McCUNE v. HOBBS ET AL.

*Sales—Unascertained or future goods appropriated to contract, when—Property right or title in buyer, when—Purchase of automobile for future delivery—Selection of car by buyer— Sale of machine by seller to third person.*

Plaintiff gave his order to defendant, an automobile sales agent, for an automobile to be delivered in the future, and advanced the full purchase price. There was evidence that upon the arrival of a shipment of six cars defendant pointed out one of the cars to plaintiff as his; that plaintiff accepted same, insured it, secured license tags, ordered it washed and oiled; and that plaintiff's name was placed on the steering post of the car thus selected. *Held:*

1. The facts thus disclosed by the evidence, if true, would amount to an unconditional appropriation of the property to the contract.

2. Plaintiff's agreement to purchase an automobile was for the purchase of unascertained or future goods and conferred no right of property or title in or to the automobile in question unless and until such automobile was set apart and appropriated to the contract, either by defendant with plaintiff's assent or by plaintiff with defendant's assent.

3. If the property rights to the automobile passed from defendant before it was so set apart and appropriated by plaintiff, if ever so appropriated, no right of property or title ever vested in plaintiff.

(Decided May 15, 1922.)

ERROR: Court of Appeals for Butler county.

*Messrs. Shotts & Millikin* and *Messrs. Palmer & Elliott*, for plaintiff in error.
*Mr. Clinton D. Boyd*, for defendant in error.

HAMILTON, P. J. Defendant in error, Arthur Hobbs, brought an action against C. E. McCune and

others for the wrongful conversion of an automobile of the value of $810, the personal property of Hobbs.

It appears that Hobbs had given his order for an automobile to the Middletown Auto Sales Company, defendant, A. E. White being the company. Hobbs advanced the full purchase price of the car, being the sum of $810. It appears that the company received a shipment of six cars of the same make and value, and placed them in its salesroom in Middletown; that upon their arrival, Hobbs called to inspect the cars. There was evidence that White pointed out one of the cars as being his (Hobb's), stating it was one of the best of the lot. Hobbs accepted the car designated, his name was placed on the steering post, he secured his numbers, and had the car insured. Hobbs left the car at the salesroom, with directions to wash and oil it, the car, as he states, being soiled and dirty from having been driven through to Middletown. In the meantime, White, who was the company, as heretofore stated, gave a bill of sale to the defendant McCune for the whole lot of six cars, which included the Hobbs car, and received the money to pay the Cincinnati Chevrolet Company, of Cincinnati, for the lot. At the time of the execution of the bill of sale a contract was entered into between White and McCune with reference to the disposition of the six cars, the sale thereof, and a division of the profits from the sales. Later the cars were all delivered to the salesroom of McCune, whereupon McCune proceeded to sell to other parties all of the cars, including the one designated as the Hobbs car, notwithstanding Hobbs had demanded the car of McCune.

These briefly were the salient features of the evidence as shown by the record.

It is clear that the Hobbs contract was not an unconditional contract for specific goods in a deliverable state, but was a contract for unascertained or future goods, for future delivery.

The law is that when there is a contract to sell unascertained or future goods by description, and goods of that description and in a deliverable state are unconditionally appropriated to the contract, either by the seller with the assent of the buyer, or by the buyer with the assent of the seller, the property in the goods thereupon passes to the buyer. Such assent may be expressed or implied, and may be given either before or after the appropriation is made. Section 8399, General Code.

There was evidence to support the proposition of the unconditional appropriation of the property to the contract, and if the jury believed this evidence, they were justified in returning the verdict they did in favor of Hobbs, unless McCune obtained the ownership in the property prior to such appropriation. Complaint is made of the refusal of the trial court to give special charges Nos. 3 and 6. These two charges were drawn with reference to the bill of sale from White to McCune, heretofore referred to, but contained no reference to the contract made at the time of and in connection with and bearing upon the bill of sale. In the absence of any reference to the contract made in connection with the bill of sale, these charges would have been misleading and they were properly refused.

Under the status of this case it became a question of fact whether or not the bill of sale and contract intended to convey the property in the goods, or

was a mere transfer of title to enable the transferee to sell and deal with the property for the benefit of the owner, the bill of sale being executed and delivered as a lien to protect McCune in advancing the money to carry out the transaction.

The law is that a mere transfer of title to enable the transferee to sell and deal with the property for the benefit of the owner confers no right as against the owner and *those claiming under him.* The contract executed in connection with the bill of sale provided for the advancement by McCune of the first cost of the six cars, White to go to the distributor at Cincinnati and procure the cars, place them in his salesroom, turn the orders for prior sales over to McCune, McCune to proceed to carry out the sale of the cars, to either the persons whose orders had been received, or other persons, deduct the expenses incurred in reference to the transaction, and divide the profits with White.

The jury might well believe this was simply a selling transaction, arranged between McCune and White, for their mutual benefit, and that it did not constitute a transfer or delivery of the title and property in the cars to McCune.

The court properly stated the law to the jury in giving special charges Nos. 1, 4 and 5, and these charges fully and completely stated the rights as between the parties.

Special charge No. 4, requested by the defendant, plaintiff in error here, was given to the jury, and is as follows:

"The agreement of the plaintiff for the purchase of an automobile could confer no right of property or title in or to the automobile in question, unless and until the automobile in question was uncon-

ditionally set apart and appropriated to the contract, either by the seller with the assent of the buyer, or by the buyer with the assent of the seller, and if the property to the automobile in question had passed to defendant, McCune, prior to the time it was so set apart and appropriated, if it ever was so set apart and appropriated, you must return a verdict for the defendant, McCune.''

To the same effect in different language was special charge No. 1 and special charge No. 5, requested by the defendant, McCune, and given by the court.

Further, in its general charge, the court said:

''If you find that the property in the automobile in question was not transferred to Arthur Hobbs, then you need proceed no further. Your verdict must be in favor of the defendant.''

While in the general charge the court left to the jury the question whether or not the contract between White and defendant in error Hobbs was a contract to sell specific or ascertained goods, under the circumstances of the case we are unable to find this to be prejudicial error, as the question of intention is always present in ascertaining the time of the transfer of property. (Sections 8397, 8398 and 8399, General Code.) While the general charge of the court was not as full on all questions involved as it should have been, there was no request for further instruction. Neither was the court's attention called by counsel to any omission.

On the whole we find no prejudicial error in the record, and the judgment will be affirmed.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.